UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOUIS ROBENSON,

      Plaintiff,

v.                                    Case No. 3:14cv492/MCR/EMT

R. COMERFORD, Warden, and
MICHAEL D. CREWS, Secretary

      Defendants.
_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, a prisoner at Santa Rosa Correctional Institution in the State of Florida Correctional System and proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 (doc. 8). Also pending is a motion for leave to proceed *in forma pauperis*, ruling upon which was deferred in light of plaintiff's status as a "three-striker" pursuant to 28 U.S.C. § 1915(g).

According 28 U.S.C. § 1915(g), a provision of the *in forma pauperis* statute,

[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* under the "three strikes" provision must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without

prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is subject to the three-strikes bar of § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Robenson v. Sec'y, Fla. Dep't of Corr.*, Case No. 3:14cv535-J-32PDB, Doc. 3 (M.D. Fla. May 16, 2014) (dismissing action without prejudice and noting that plaintiff has been recognized by both this court and the Eleventh Circuit Court of Appeals as having "three strikes"). Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*.

In his amended complaint, plaintiff provides a fantastical litany of allegations stating that he has been exposed to various intolerable conditions of confinement at Santa Rosa Correctional Institution and that as a result he is under imminent threat of murder, death, suicide, serious illnesses without cure, and coma (*see, e.g.,* doc. 8 at 5). Plaintiff was previously advised by the court that he must specify his allegations as to how such actions or conditions at the prison have placed him in particular into imminent danger; that he must limit his allegations to the same basic issue or occurrence; that he should identify only those Defendants who are responsible for the alleged violations of his rights; and that he should specify the dates and times of the alleged acts, in separately numbered paragraphs (doc. 4 at 2). Plaintiff has done none of this, and as a result his complaint remains a jumble of vague allegations which fail to show factually that plaintiff is under any imminent threat of danger.[1]

---

[1]    It should be noted that, contemporaneously with this case, plaintiff also filed Case No. 3:14cv443/MCR/CJK in this court. The claims and allegations in both cases are similar as they both contain the same generalized allegations regarding various conditions of confinement at Santa Rosa Correctional Institution. The primary difference between the two appears to be that, while Case No. 3:14cv443 identifies

Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

**DONE AND ORDERED** this 14th day of April 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

as defendants various correctional officers at Santa Rosa, the instant complaint  identifies the Warden at Santa Rosa and the Secretary of the Florida Department of Corrections.  Because of the similarity of these two cases, the instant Report and Recommendation is in sum and substance the same as the Report and Recommendation that was issued in Case No. 3:14cv443 on April 13, 2015.

Case No: 3:14cv492/MCR/EMT